JUDGE DAVID BRIONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

2023 MAR 31  PM 3: 17

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ DEPUTY

|  |  |  |
|---|---|---|
| **ERIK SALAIZ,** | § | **EP23CV0131** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CHW GROUP INC** a New Jersey Corporation | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.    The Plaintiff is ERIK SALAIZ ("Plaintiff") a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2.    Defendant CHW GROUP INC ("CHW" "Defendant") is a corporation organized and existing under the laws of New Jersey and can be served via registered agent Victor Mandalawi at 2147 Route 27 South, Suite 400, Edison, New Jersey 08817.

### JURISDICTION AND VENUE

3.    Jurisdiction.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case.

4.    Personal Jurisdiction.  This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

5.    Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Western District of Texas when he received a substantial if not every single call from the Defendant that are the subject matter of this lawsuit.

6.    This Court has venue over the Defendant because the calls at issue were sent by or on behalf of the above-named Defendant to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

7.    In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. §

2

227(b)(1)(B).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11.    Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.    According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.    The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.    The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

agreement be executed as a condition of purchasing any good or service.

16.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20.     Plaintiff successfully registered his personal cell phone (XXX) XXX-5210 on the National Do-Not-Call Registry June 1, 2021, which was more than 31 days prior to receiving the

alleged calls.

21.     Plaintiff successfully registered his personal cell phone (XXX) XXX-1527 on the

National Do-Not-Call Registry March 6, 2022, which was more than 31 days prior to receiving

the alleged calls.

22.     Plaintiff never asked the National Do-Not-Call Registry administrator to remove him

from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry

at all times relevant to this Complaint.

23.     Defendant CHW offers home warranty services to consumers nationwide including

Texas.

24.     As part of their marketing their home warranty services, Defendant CHW engages in

illegal telemarketing by calling residential phone numbers that are registered on the National Do-

Not-Call registry.

25.     Defendant CHW makes these calls without the prior express written consent of the called

party.

26.     Defendant CHW makes these calls using an artificial or prerecorded voice message.

27.     Defendant CHW has been sued multiple times for violating the TCPA and refuses to

curtail their illegal behavior because violating the TCPA benefits Defendant CHW financially.

28.     Plaintiff received at least four (4) illegal telemarketing calls to his personal cell phones

1527 and 5210 within a one-month period from Defendant CHW soliciting home warranty

services ("the calls').

29.     Two of the four calls started with an artificial or prerecorded voice message that stated,

"Hello, this is Whitney from complete home services, and we are calling with a special
promotion on home warranty and appliance protection plans uhm I just have a few questions to
see if you qualify, okay? Okay so first are you the homeowner? Are you familiar with home

warranties? Okay so hold on give me just one second uhm well I bring a warranty specialist on the line okay hold on just give me one second."

30.    The artificial or prerecorded voice message does not identify Defendant CHW.

31.    Plaintiff did not provide his prior express written consent to receive any of the calls.

32.    **Call #1** – On March 8, 2023, Plaintiff received a call to his personal cell phone 5210 from Defendant CHW from phone number (915) 659-5359.

33.    Plaintiff answered and heard an artificial or prerecorded voice message soliciting home warranty services.

34.    Plaintiff did not want or need home warranty however followed the prompts in order to identify the company responsible for the calls.

35.    Plaintiff was then connected to a male representative that stated,

"Hello this is choice home warranty we're giving out calls to see if you're in the market for a home warranty today?"

36.    The representative went over the coverage details and solicited Plaintiff for a home warranty policy on behalf of Defendant CHW.

37.    The representative advised Plaintiff the cost of the policy is $49.25/mnth.

38.    Plaintiff received an email from Defendant CHW from confirm@choicehomewarranty.com that contained a link to download the policy. *See Exhibit A.*

39.    The email Plaintiff received from Defendant CHW revealed and confirmed the company responsible for the calls.

40.    The next day on March 9, 2023, Plaintiff canceled the policy he received from Defendant CHW.

41.    **Call #2** - On March 8, 2023, Plaintiff received a call to his personal cell phone 1527 from Defendant CHW from phone number (915) 288-2111.

42.    Plaintiff answered and heard the same artificial or prerecorded voice message from **Call #1.**

43.    Plaintiff was then connected to a male representative that stated,

"My name is John I'm reaching out to you from choice home warranty reason for today's call is just reaching out to you to see if you have any questions or interest in our plan."

44.    John went over the coverage details and solicited Plaintiff for a home warranty policy on behalf of Defendant CHW.

45.    John confirmed to Plaintiff he was calling from Defendant CHW.

46.    **Call #3** - On March 22, 2023, Plaintiff received a call to his personal cell phone 1527 from Defendant CHW from phone number (505) 437-9699.

47.    Plaintiff answered and greeted by a male representative from Defendant CHW.

48.    The representative solicited Plaintiff for a home warranty policy on behalf of Defendant CHW.

49.    Plaintiff advised the representative he was not interested and to remove his number from their calling list.

50.    **Call #4** - On March 28, 2023, Plaintiff received a call to his personal cell phone 1527 from Defendant CHW from phone number (726) 208-3891.

51.    Plaintiff answered and greeted by a male representative from Defendant CHW.

52.    The representative solicited Plaintiff for a home warranty policy on behalf of Defendant CHW.

53.    Plaintiff advised the representative that he already advised the previous representative that he was not interested and to remove his phone number 1527 from their calling list.

54.    Table A below displays the text messages made to Plaintiff's phone number 915-929-1527 from Defendant United on behalf of Defendant CHW.

55.    Defendant CHW employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

56.    Each and every call was placed while knowingly ignoring the national do-not-call registry.

57.    Plaintiff sent an internal do-not-call policy request to Defendant CHW to info@choicehomewarranty.com on March 29, 2023, which is an email listed on the policy Plaintiff received from Defendant CHW.

58.    Defendant CHW never sent Plaintiff any do-not-call policy.

59.    Upon information and belief, Defendant CHW did not train their representatives who engaged in telemarketing on the existence and use of Defendant CHWs internal do not call policy as they failed to recognize Plaintiff's personal cell phones 5210 and 1927 are registered on the National Do-Not-Call Registry.

60.    Defendant CHW is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant CHW's registration.

61.    Defendant CHW does not qualify for an exemption under § 302.053.

62.    No emergency necessitated none of the alleged calls.

63.    Plaintiff has limited data storage capacity on his cellular telephones. Incoming telemarketing calls consumed part of this capacity.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

64.    The calls harmed the Plaintiff by causing the very harm that Congress sought to

prevent—a "nuisance and invasion of privacy."

65.    The calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

66.    The calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

67.    Plaintiff has been harmed, injured, and damages by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phones.

## THE PLAINTIFF'S CELL PHONES ARE RESIDENTIAL NUMBERS

68.    The calls were to the Plaintiff's cellular phones 5210 and 1927 which are the Plaintiff's personal cell phones that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phones for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phones registered in his personal name, pays the cell phone from his personal accounts, and the phones are not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

69.    The actions of the Defendant violated the Texas Business and Commerce Code 305.053 by placing unauthorized calls to a cell phone using an artificial or prerecorded voice message which violates 47 USC 227(b). The calls violated Texas law by placing unauthorized calls to a cell phone which violates 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

9

70.    The calls violated Texas law by spoofing the caller IDs per 47 USC 227(e) which in turn violates the Texas statute.

### Violations of the Texas Business and Commerce Code 302.101

71.    The actions of the Defendant violated the Texas Business and Commerce Code § 302.101 by placing solicitation calls to Plaintiff, a Texas resident, without having a valid solicitation registration certificate and a valid bond.

72.    Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation of § 302.101.

### CAUSES OF ACTION

### COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent

73.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

74.    Defendant CHW violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), at least two (2) times by placing non-emergency telemarketing calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice message without prior express written consent.

75.    Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by Defendant CHW by the telephone calls described above, in the amount of $500.00 per call.

76.    Plaintiff was further statutorily damaged because Defendant CHW willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for each and every willful and/or knowing violation.

77.     Plaintiff is also entitled to and does seek an injunction prohibiting Defendant CHW and their affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telemarketing calls to any cellular telephone number using an artificial or prerecorded voice message without prior express written consent.

## COUNT TWO:

## (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

78.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.     Defendant CHW called Plaintiff's private residential telephone numbers which were successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

80.     Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(3)(F) by Defendant CHW by the telemarketing calls described above, in the amount of $500.00 per call.

81.     Plaintiff was further statutorily damaged because Defendant CHW willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

82.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:

**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**

83.     Plaintiff incorporates the forgoing allegations as if fully set forth herein.

84.     The foregoing acts and omissions of Defendant CHW constitute multiple violations of

FCC regulations by making telemarketing solicitations despite lacking the following:

      a.  A written policy, available upon demand, for maintaining a do-not-call list, in

          violation of 47 C.F.R. § 64.1200(d)(1)[2];

      b.  Training for the individuals involved in the telemarketing on the existence of and

          use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

      c.  In the solicitations, the name of the individual caller and the name of the person or

          entity on whose behalf the call is being made, in violation of 47 C.F.R. §

          64.1200(d)(4).[4]

85.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47

U.S.C. § 227(c)(5)(B).

86.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or

willful violation. 47 U.S.C. § 227(c)(5).

## COUNT FOUR

**Violations of The Texas Business and Commerce Code 305.053**

87.     Plaintiff incorporates the foregoing allegations as if set forth herein.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

88.     The foregoing acts and omissions of Defendant CHW constitute multiple violations of the **Texas Business and Commerce Code 305.053,** by making non-emergency telemarketing calls to Mr. Salaiz cellular telephone numbers without his prior express written consent in violation of 47 USC 227 et seq. The Defendant violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an artificial or prerecorded voice message that does not comply with the technical and procedural standards under this subsection.

89.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

90.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c)**

## COUNT FIVE

### Violations of The Texas Business and Commerce Code 302.101

91.     Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

92.     The foregoing acts and omissions of Defendant CHW constitute multiple violations of the **Texas Business and Commerce Code 302.101,** by making non-registered solicitation calls to Plaintiff's cellular telephone numbers without his prior express written consent.

93.     Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a).**

94.     Plaintiff is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees. **Texas Business and Commerce Code 302.302(d).**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Erik Salaiz prays for judgment against the Defendant jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by the Defendant violates the TCPA and Texas state law;

C.    An injunction enjoining the Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $1500 per call in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporation for two calls.

E.    An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation for four calls.

F.    An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053 intentional violations jointly and severally against the corporation for four calls.

G.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for four calls.

H.    An award to Mr. Salaiz of damages, as allowed by law under the TCPA and Texas state law;

I.    An award to Mr. Salaiz of interest, costs, and attorneys' fees, as allowed by law and equity

J.    Such further relief as the Court deems necessary, just, and proper.

March 31, 2023,                          Respectfully submitted,

Erik Salaiz
Plaintiff, Pro Se
319 Valley Fair Way
El Paso, Texas 79907
915-929-1527
Salaiz.ep@gmail.com